## GOETZKE v. AMERICAN LIFE INS. CO.

### No. 9141.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 11, 1933.

Rehearing Denied Nov. 1, 1933.

Cunningham & Rabel, of Harlingen, for appellant.

Jesse G. Foster, of Raymondville, for appellee.

SMITH, Justice.

One Giles purchased a tract of land in Willacy county from H. J. Goetzke, for a consideration evidenced by Giles' vendor's lien note to Goetzke for $7,480.

It was planned by said parties to procure cash from the American Life Insurance Company for the amount of the note, thus giving Goetzke the advantage of a cash sale.

In this agreement, between vendor and vendee, it was stipulated that Goetzke would indorse the note, but without recourse. It does not appear that the insurance company was a party to that stipulation, however.

The deal between Goetzke and Giles was consummated, the former executing the deed to the latter and taking the latter's executed note for the purchase price, and indorsing same without recourse.

Those papers were then turned over to the local bank, which issued its cashier's check to Goetzke for the amount of the note, and, presumably, charging that amount to the account of the insurance company.

When Goetzke later presented the check, payment thereon was refused by the bank, at the instance of the insurance company, for the stated reason that the latter had not agreed to, and would not agree to, advance the money upon the note, except upon Goetzke's unconditional indorsement and guaranty. In the meantime the bank had tendered, or filed, the deed for registration.

In this situation Goetzke went to the insurance company's alleged local agent and protested against unconditional indorsement of the note, demanding return of his deed as an alternative.

The agent insisted that the insurance company, in pursuance of a settled policy, would not advance money upon the note until unconditionally indorsed and guaranteed by the payee. The agent further advised that he could not restore the deed to Goetzke because he was informed that the instrument had already been filed by the bank for record, if not actually recorded.

Whereupon, being badly in need of cash, and shrinking from the litigation necessary to clear his land of the developed complications, Goetzke unconditionally indorsed and guaranteed payment of the note, the amount of which was thereupon paid over to him by the insurance company.

Subsequently the insurance company brought this action to recover the amount of the note from both Giles, as maker, and Goetzke, as indorser and guarantor, as well as to foreclose upon the land. Goetzke has appealed from an adverse judgment, rendered in a trial by the court in the absence of a jury.

Appellant defended upon the grounds that he unconditionally indorsed and guaranteed payment of the note under duress, and for no consideration. The trial court, however, found against those contentions, and resolved the facts against appellant, and we have reached the conclusion that the record is such

as to support the court's findings and conclusions, expressed and implied.

The evidence is such as to warrant the implied finding that the insurance company at no time, and through no authority, agreed to purchase the note in suit, except upon appellant's unconditional indorsement and guaranty; that the alleged stipulation against such indorsement and guaranty was made between appellant and Giles, only, and without the knowledge or concurrence of appellee; that the awkward position into which appellant was placed was brought about by the acts and conduct of Giles and the bank and appellant himself, through no connivance or knowledge of appellee.

The foregoing findings of the court below, and here adopted as the findings of this court, preclude appellant's defenses of duress and want of consideration, and require that the judgment be affirmed.

It is so ordered.